UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KATHY D. HOGAN                                  CIVIL ACTION NO. 08-cv-0790

VERSUS                                             JUDGE HICKS

LIBBEY GLASS, INC.                             MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Kathy Hogan ("Plaintiff") filed this Title VII employment discrimination action against Libbey Glass, Inc. A scheduling order issued, and the parties commenced discovery and settlement negotiations. Defendant later filed a motion to vacate the scheduling order. It represented that the parties had reached what appeared to be acceptable settlement terms, but Plaintiff refused to complete the settlement, and Plaintiff's counsel indicated the belief that she had been fired by Plaintiff.

The court vacated the scheduling order, and counsel for Plaintiff soon filed a motion to withdraw. The court granted the motion to withdraw and directed Plaintiff to, no later than June 18, 2009, either: (1) enroll new counsel to represent her; or (2) file a notice of intent to represent herself. Plaintiff filed a motion for extension of time, and the court granted her an extension until July 31, 2009 to comply with the earlier order. Plaintiff did not file anything. The court waited more than a month past the deadline, and Plaintiff still filed nothing. The court then issued a Report and Recommendation that the case be dismissed for

failure to prosecute. Only then did Plaintiff finally appear, file an objection, and state her intent to represent herself.

The **Report and Recommendation (Doc. 15)** is **withdrawn**, but Plaintiff is cautioned that she must meet all deadlines in the future. Her unrepresented status will not be an excuse. Her delay has caused a significant waste of the court's time. Further delays will not be tolerated.

The following schedule is established:

**Discovery**

The parties are allowed until **December 11, 2009** to complete all appropriate discovery and file any motions to compel.

**Dispositive Motions**

Any motion for summary judgment or other dispositive motion, if a party chooses to file one, must be filed on or before **January 15, 2010**, although a party need not wait until the deadline to file a motion**.** The rules regarding motions for summary judgment and opposition to the motion may be found at Federal Rule of Civil Procedure 56 and Local Rules 56.1 and 56.2.

**Certificate of Service**

All filings by any party shall include a "certificate of service" that represents that a copy of the filing has been furnished to the other parties (typically by mail), specifically

stating the name and address of each party (or his attorney) to whom a copy of the pleading was sent, the method of delivery or service, and the date of delivery of service.

**Change of Address**

All parties shall have the responsibility of promptly reporting to the court and to all other parties any change in mailing address or telephone number. Failure to do so may be considered grounds for dismissal or other appropriate sanctions. <u>See</u> Local Rule 41.3.

**Knowledge of the Rules**

If a person chooses to pursue a lawsuit without the assistance of an attorney, the person is required to obey and follow the orders and rules of the court. Ignorance of the law is not a valid excuse, and mistakes may lead to dismissal of a case. The judges, clerk of court and their staff members are not permitted to give a party legal advice. The Federal Rules of Civil Procedure, the Local Rules, and a Guide to Practice are located on the court's website: www.lawd.uscourts.gov.

**Further Scheduling**

After any dispositive motions are resolved, the court will consider the need to issue additional scheduling deadlines related to a trial and pretrial conference.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of September, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE